CIKLIN, J.
The appellant, Barrington Levy, appeals from his convictions and argues that he is entitled to reversal for a number of reasons. We affirm the trial court’s rulings and write only to address Levy’s argument that his motion to strike a prospective juror for cause should have been granted.
Following a string of events that occurred in June of 2004, Levy was arrested and charged with attempted murder of a law enforcement officer by discharging a firearm (count I); injuring or hilling a police dog (count II); carjacking with a deadly weapon (count III); kidnapping with a weapon or firearm (count IV); armed burglary of a conveyance (count V); resisting an officer with violence (count VI); and possession of a firearm by a person previously found to be delinquent (count VII). Levy’s case proceeded to trial and during voir dire, Levy’s counsel questioned one prospective juror, Mr. Ca-hill, in particular about that juror’s ability to remain impartial although his brother-in-law was a police officer:
MR. CIENER: (Defense Counsel): Okay. Alright. And your feeling about being on a jury where allegedly someone tried to commit a first degree murder against a police officer, how do you feel about that? Do you think you’d be fair to everybody?
MR. CAHILL: (Prospective Juror): Yeah. If, even if it was just someone *1220 on the street, you know, a police officer, you know, a crime is a crime.
MR. CIENER: You don’t think you’d give the government here a little leg up because well it’s a police officer this time, we’re going to let them get by with a little less proof.
MR. CAHILL: Not really, no.
Defense counsel then asked all potential jurors whether they felt the State needed less proof when the victim was a police officer. One prospective juror, not Cahill, responded in the affirmative.
Levy’s counsel later moved to strike prospective juror Cahill for cause arguing his responses during voir dire showed a reasonable doubt as to his ability to remain impartial. The trial court denied Levy’s motion and thereafter Levy used a peremptory strike to remove prospective juror Cahill. Levy then sought an additional peremptory challenge to strike another juror but that request was denied. Thus, the claimed error has been properly preserved for our review. See Trotter v. State, 576 So.2d 691, 693 (Fla.1990).
We review a trial court’s decision to deny a cause challenge for an abuse of discretion. Lewis v. State, 931 So.2d 1034, 1039 (Fla. 4th DCA 2006). The appropriate test when determining juror competency is “whether the juror can lay aside any bias or prejudice and render his or her verdict solely upon the evidence presented and the instructions on the law given by the court.” Davis v. State, 859 So.2d 465, 473 (Fla.2003). If there is any reasonable doubt about a juror’s impartiality, the juror should be excused for cause. Carratelli v. State, 832 So.2d 850, 854 (Fla. 4th DCA 2002).
In the instant case, Levy contends that when defense counsel asked prospective juror Cahill about whether having a police officer for a brother-in-law would impact Cahill’s ability to remain impartial, Cahill’s response of “Not really, no” constituted an equivocal answer creating reasonable doubt as to whether Cahill could serve as a fair and impartial juror.
We disagree and find that when viewed as a whole, Cahill’s responses do not emulate the sort of equivocation typically held to raise doubts about a potential juror’s impartiality. Cf. Hamilton v. State, 547 So.2d 630, 633 (Fla.1989) (holding that potential juror’s equivocal answers raised reasonable doubts about impartiality when juror claimed she could remain impartial but also stated she believed the defendant had the burden to prove his innocence); Street v. State, 592 So.2d 369, 371-72 (Fla. 4th DCA 1992) (holding prospective juror’s answers created reasonable doubt as to impartiality where juror stated he “might not be as fair and impartial” as he would in other cases where the defendant had no criminal past but that he would “try” to put those issues aside). Rather than show any bias, prospective juror Cahill’s responses indicated that he .would treat crimes against a police officer much the same as if the crimes were committed against any other person “on the street.” Cahill’s responses and then silence to the follow-up inquiry from defense counsel to the entire venire showed that he would not hold the State to a lesser burden of proof because the victim was a police officer and that he would remain fair and impartial regardless of the victim’s identity. Because the record fails to reveal statements raising a reasonable doubt as to prospective juror Cahill’s impartiality, the trial court was well within its discretion when denying Levy’s motion to strike for cause.

Affirmed.

GROSS, C.J., and WARNER, J., concur.